UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THOMAS MARTINEZ, | ) | Civil Action No.: 2:16-cv-15882 |
| | ) | |
| Plaintiff, | ) | Division: |
| | ) | |
| v. | ) | Section: |
| | ) | |
| NATIONSTAR MORTGAGE, LLC., | ) | Judge: |
| | ) | |
| Defendant. | ) | Magistrate Judge: |

### PLAINTIFF'S COMPLAINT

Plaintiff, THOMAS MARTINEZ, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of NATIONSTAR MORTGAGE, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in New Orleans, Orleans Parish, Louisiana.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff, is a resident of New Orleans, Orleans Parish, Louisiana.

6. Defendant is a limited liability company based in Lewisville, Texas.

**FACTUAL ALLEGATIONS**

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone xxx-xxx-5511 to solicit Plaintiff to refinance his mortgage.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to solicit a refinance of Plaintiff's mortgage.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone number: 888-480-2432.

11. The following telephone number is Defendant's phone number: 888-480-2432.

12. Sometime in or around the summer of 2015, Plaintiff first requested Defendant stop calling Plaintiff's cellular telephone.

13. Plaintiff requested Defendant stop calling Plaintiff's cellular telephone three or more times after his initial request that Defendant stop calling.

14. On one occasion, Plaintiff requested to speak with a manager in order to get the calls to stop.

15. Despite Plaintiff's requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

16. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

17. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff

incurring a charge for incoming calls.

18. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

19. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

20. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

21. On several occasions, Plaintiff has answered calls from Defendant and been greeted by an automated message.

22. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

23. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

24. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

25. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

33. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

34. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, THOMAS MARTINEZ, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC for the following:

35. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

36. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00,

for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

37. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

38. Any other relief that this Honorable Court deems appropriate.


DATED:  October 25, 2016                    RESPECTFULLY SUBMITTED,

*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. (#36081)
Varadi, Hair & Checki, LLC
650 Poydras St., Ste. 1550
New Orleans, LA 70130
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff